No. 37,673

Tom Colahan, *Appellant*, v. Frank J. Herl, *Appellee*.

(210 P. 2d 1003)

November 12, 1949.

Opinion filed

*D. A. Hindman*, of Stockton, argued the cause, and *F. F. Wasinger*, of Hays, was with him on the briefs for the appellant.

*N. W. Jeter*, of Hays, argued the cause, and *E. J. Malone*, of Hays, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a replevin action for eighty-four head of cattle, forty-two cows and forty-two calves. After the issues were joined on the petition and the answer and the cross petition of the defendant and a trial thereon, judgment was entered for the defendant for the expense of feeding the cattle. Plaintiff has appealed.

The petition alleged a contract for the purchase of the cattle for $8,000, the delivery of a check for $7,000 and an agreement to pay $1,000 more when the cattle were delivered at Plainville; that the cost of delivery was to be paid one-half by the plaintiff and one-half by the defendant; that the plaintiff was ready and willing to pay the $1,000 and tendered it into court; that by virtue of these payments the plaintiff was the owner of the cattle and entitled to immediate possession of them; that the cattle were in the possession of the defendant and he refused to surrender possession of them.

Judgment was prayed for the possession of the cattle.

The defendant answered by a general denial; then he admitted the contract of sale and the payments.

The answer alleged, however, that the agreement was that the plaintiff was to remove the cattle from his premises at his own expense on the day following the contract of sale and that the $1,000 was to be paid to the defendant upon the removal of the cattle. The answer further alleged that the plaintiff failed to remove the cattle from the premises of defendant until about the 5th of December, 1947, on which date they were taken by replevin by the sheriff; that the plaintiff had violated the contract by unreasonably delaying the removal of the cattle and he refused to pay the $1,000. The answer further alleged that the defendant was entitled to possession of the cattle and if the plaintiff could not return them he was entitled to their value. The answer also alleged the defendant was ready, willing and able to restore the $7,000 to the plaintiff and tendered it into court.

The prayer was that the defendant be declared the owner and entitled to the possession of the cattle.

The defendant also filed a cross petition, in which he included the allegations of his answer and further alleged that from November

14, the date of the contract, up to December 5, all in 1947, the cattle were in his possession; that he cared for and fed them, and the reasonable value of the feed and maintenance and care was fifty dollars a day and that if the court should determine that the cattle became the property of the plaintiff on November 14, 1947, plaintiff had received the benefit of the acts of the defendant in the care and keeping of the livestock and he was justly indebted to the defendant.

The prayer was for a judgment for the reasonable value of the care and keeping of the livestock.

The plaintiff requested the court to order the defendant to elect between his answer and his cross petition on the ground that they were inconsistent. This motion was overruled.

For reply, the plaintiff alleged that on his writ he recovered only eighty-three head of cattle because one calf was not delivered, having been negligently killed by defendant, and it was worth seventy dollars and alleged he was to pay only one-half the cost of delivery and he was compelled to pay the full cost thereof—hence the defendant was indebted to him for thirty-two dollars on that account and he added that to the prayer of the petition.

The court submitted the case to the jury on the question of what was the reasonable value of feeding the livestock from November 14, 1947, up to December 5, 1947, and whether the cattle were to be delivered at Plainville by defendant, or the parties were each to pay one-half the cost of the delivery, or the plaintiff was to remove the cattle himself at his own expense.

The jury returned a verdict in favor of the defendant and against the plaintiff in the amount of $855.

A motion for a new trial was filed by the plaintiff setting out some ten grounds. This motion was overruled and judgment was entered for the amount of the verdict—hence this appeal.

The notice of appeal set out that the plaintiff was appealing from the court's order overruling the motion to require the defendant to elect and from the verdict and judgment and from the order overruling the plaintiff's motion for a new trial.

The only questions argued by the plaintiff, however, are stated first in the following question:

"Can a Defendant in an action for replevin of 84 head of cattle based on a contract of sale, as a defense deny that the contract of sale was made and claim ownership of the cattle, and then by way of cross-petition claim compensation for feeding and caring for the cattle on the theory that they were the property of the other party?"

Plaintiff's theory upon this argument is that the two defenses were inconsistent and hence could not both be relied upon and the court erred in not requiring the defendant to elect. That two inconsistent defenses cannot be relied upon is correct. The test of inconsistency, however, is as set forth in 31 C. J. 405, which is as follows:

"Things are said to be inconsistent when they are contrary the one to the other, or, so that one infers the negation, destruction, or falsity of the other."

Sometimes the rule has been stated that the defenses are inconsistent when the proof of one requires the disproof of the other. That is not true in this case. The parties here both admit the contract of sale. The only difference between them was how the delivery was to be made or rather who was to make the delivery and pay the cost thereof. There was no question but that after the contract of sale was made the cattle had been in possession of the defendant for some fifteen days and that the plaintiff had the benefit of whatever feed they ate during that time.

The issues as to the contract submitted to the jury were upon the question of delivery and those only. Evidently the jury believed the testimony of the defendant that the plaintiff was to come after the cattle. Just how the proof of one of these disproves the other does not readily appear.

As the case progressed the court took the question of whether or not the contract of sale had been made from the jury. While the plaintiff was on the witness stand he was asked the question about what happened at the time he bought the cattle and there was an objection because the question assumed there had been a sale. The court in overruling the objection remarked that the question of whether or not there had been a sale had been eliminated from the case by defendant's testimony. There was no inconsistency between the answer and the cross petition.

The only other question argued by the plaintiff is that the defendant did not establish the amount he should recover for having fed the cattle because he only proved the amount it had cost him to feed them for that period. Plaintiff argues that the question in such cases is the reasonableness of the charge. Defendant proved what the feed cost him. Plaintiff insists defendant never did produce any evidence that the price he paid for the feed he used was a reasonable one. The record discloses that the day the cattle were to be delivered was a stormy day and immediately following that

there was a stormy spell of weather in that vicinity; that defendant turned the cattle out of the small corral, in which they were confined awaiting the delivery, and put them in with his own cattle, some two hundred head. He testified as to what it cost him to feed all these cattle and by mathematical calculation it was simple to arrive at the cost of the feed the eighty-three head had eaten. Under such circumstances we shall not hold that such evidence was not sufficient upon which the jury could reach a verdict as to the cost to defendant.

We find no error in the record and the judgment of the trial court is affirmed.